**LAW OFFICE OF ALONZO J. GRADFORD**
426 14th St., Suite 212
Modesto, California 95354
Telephone: (209) 604-4398
Fax: (866) 326-5434
Attorney for Plaintiff
Armando Olvera

FILED

11 JAN 11 PM 1:11

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

BY _____
CERINA LAKES, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF STANISLAUS

ARMANDO OLVERA,

    Plaintiff,

vs.

CITY OF MODESTO; MODESTO POLICE DEPARTMENT; MODESTO POLICE OFFICERS MARK ULRICH (#10170), BRADLEY BEAVERS (#11196), BRIAN KLEIBER (#10355), RANDY RADUECHEL (#11267), and SGT. TIM HELTON (#10295); DOES 1 THROUGH 30,

    Defendants.

Case No.: 661410

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1. 42 U.S.C. §§ 1983—Civil Rights Violations
2. 42 U.S.C. §§ 1983—Unlawful Customs, Policies, Habits, or Procedures
3. California Constitution, Article I, § 13
4. California Civil Code § 52.1—State Civil Rights Violations
5. Battery
6. Assault With a Deadly Weapon
7. Assault
8. False Arrest
9. California Civil Code § 3342—Liability for Dog Bite
10. Negligence

This case has been assigned to Judge _____ for all purposes including Trial.

WILLIAM A. MAYHEW

Plaintiff alleges:

### JURISDICTION

1.    This is an action for money damages brought pursuant to Title 42 U.S.C § 1983, et seq., the Fourth and Fourteenth Amendments to the United States Constitution, under California Constitution, Article I, § 13, under California Civil Code §§ 52.1

COMPLAINT FOR DAMAGES

**EXHIBIT A**

- 1 -

and 3342, and under the common law of California covering the torts of battery, assault with a deadly weapon, assault, unlawful arrest, and negligence; this is an action for personal injuries and constitutional rights violations committed by the CITY OF MODESTO, THE MODESTO POLICE DEPARTMENT, MODESTO POLICE OFFICERS MARK ULRICH (#10170), BRADLEY BEAVERS (#11196), BRIAN KLEIBER (#10355), RANDY RADUECHEL (#11267), MODESTO POLICE SGT. TIM HELTON (#10295), and DOES 1 THROUGH 30.

2. The Superior Court, in and for the County of Stanislaus, has jurisdiction over this action pursuant to California Code of Civil Procedure § 86 because the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000). Venue is proper in the Stanislaus County Superior Court under California Code of Civil Procedure § 394 because Stanislaus County is where all Defendants are situated, Plaintiff Olvera is a Stanislaus County resident, and Stanislaus County is where the conduct giving rise to Plaintiff's cause of action occurred. A claim was presented to the City of Modesto. On July 12, 2010, the claim was rejected by operation of law.

## PARTIES

3. Plaintiff ARMANDO OLVERA ("Plaintiff") is a competent adult and a long time resident of Stanislaus County, California.

4. At all times mentioned herein, Defendants, in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with Defendant City of Modesto Police Department ("MPD") and acted under color of state law. Defendants MARK ULRICH (#10170), BRADLEY BEAVERS (#11196), BRIAN KLEIBER (#10355), and RANDY RADUECHEL (#11267), on-duty police officers, and Defendant TIM HELTON (#10295), an on-duty supervisor, were performing work for the City of Modesto at the time the incident giving rise to the causes of action hereinafter described occurred. DOES 1

COMPLAINT FOR DAMAGES

-2-

through 30 were working for the City of Modesto at the time the incident giving rise to the causes of action hereinafter described occurred. The individual Defendants named above and DOES 1 through 30 are sued individually and in their capacities as employees of the City of Modesto. Defendant Helton is also sued in his capacity as a supervisor of Defendant Ulrich and the other Defendants.

5. Defendant CITY OF MODESTO is a public entity existing under the laws of the State of California and is the employer of the individual defendants named above.

6. The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1 through 30 are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiff is informed, believes, and thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

7. Plaintiff is informed, believes, and therefore alleges that at all times mentioned herein, each of the Defendants was the agent, servant, and/or employee of the City of Modesto and were, in doing the acts or omissions herein alleged, acting within the course and scope of this agency and/or employment—and with the permission, implied or express consent, or authority of their co-defendants and each of them, acting under color of state law and that each is responsible in some manner for the occurrences hereinafter alleged; and, Plaintiff is informed, believes, and thus alleges that Plaintiffs' injuries were proximately caused by the acts or omissions of each.

8. Plaintiff is informed and believes and based thereon alleges that Defendants Modesto and MPD are responsible for implementing, maintaining, sanctioning, or condoning a policy, custom, or practice under which the illegal or wrongful acts hereinafter complained of occurred. By reason of this policy, practice, or custom, these Defendants are liable for the damages hereinafter complained of.

# FACTUAL ALLEGATIONS

9. In the early morning hours of December 4, 2009, Plaintiff Olvera was sound asleep inside a room, in a house in which he had permission from the property owner to stay, at or near 110 Pine St., Modesto, California.

10. Ofc. Ulrich deployed his K-9, Stryker, into Mr. Olvera's sleeping quarters and Stryker viciously attacked Mr. Olvera, biting him on his arm, feet, and elsewhere. The other MPD officers present aided and abetted and/or acquiesced in this and Ofcs. Ulrich, Raduechel, Beavers, and possibly Ofc. Kleiber, Sgt. Helton and other officers, then entered Plaintiff's sleeping quarters without a warrant and seized him therein. The conduct of the involved MPD officers caused Plaintiff to be subjected to excessive force, including ordering and/or allowing an MPD K-9 dog to attack and bite Plaintiff.

11. Plaintiff Olvera suffered significant injuries from being mauled by Ofc. Ulrich's K-9, Stryker, and had to be transported by American Medical Response to Doctors Medical Center Hospital to be treated for his injuries.

12. Mr. Olvera was arrested, booked, and incarcerated on charges of resisting arrest (Penal Code, § 148 (a)(1)), among other things.

13. Plaintiff is informed, believes, and thereon alleges that among the policies, practices, and customs referred to in ¶ 8, tolerated and/or condoned by Modesto/MPD, is "hurt a man – charge a man." Under this policy, practice, or custom, if an officer wrongly hurts a person, the officer will seek to secure the filing of a criminal charge against the person, such as a charge of violating Penal Code section 148. The officer seeks the filing of such charges with the belief that a conviction will prevent the person from suing for his injuries wrongfully inflicted by the officer. Tolerating or condoning "hurt a man – charge a man" encourages officers to use excessive force.

COMPLAINT FOR DAMAGES

-4

14. Skewed, inaccurate, and/or incomplete police reports were written and filed by Defendants – and forwarded to the District Attorney's Office, expressly or implicitly recommending the Penal Code section 148, subdivision (a)(1) charge against Mr. Olvera. Plaintiff was charged in criminal court with a violation of Penal Code section 148, subdivision (a)(1), among other things. After a number of hearings, the case against Mr. Olvera was dismissed in its entirety.

15. Plaintiff Olvera suffered excruciating pain and suffered injuries as a result of being attacked by Ofc. Ulrich's K-9, Stryker. Plaintiff Olvera suffered traumatic dog bite wounds, bled profusely, and now has a number of permanent scars from traumatic dog bite wounds, among other cognizable damages and injuries. In addition to the pain and injuries described above, Mr. Olvera also suffered emotional distress as a result of this incident, including, but not limited to that associated with the terrifying experience of awakening to being mauled by a trained attack dog, bleeding profusely, and being wrongfully arrested, incarcerated, and prosecuted under Penal Code section 148, subdivision (a)(1).

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983—VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS)

16. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 15 above, as though fully set forth herein.

17. As a result of the acts alleged above, Plaintiff was subjected to a violation of his rights, which are secured by the Fourth and Fourteenth Amendments to the U.S. Constitution. The failure to intervene, prevent, or stop the Fourth Amendment violation and excessive force, which failure was on the part of other MPD Officers and/or supervisors that were present when such violation occurred and when such force was used, indirectly caused the violation and caused unreasonable and excessive force to be visited upon Plaintiff. Defendants'

COMPLAINT FOR DAMAGES
-5-

invasion of Plaintiff's sleeping quarters and the unreasonable and excessive force used constituted an unlawful seizure, in violation of Plaintiff's constitutional rights guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

18. As a further result of the acts alleged above, Plaintiff was falsely arrested and, thus, unlawfully seized by Defendants without a warrant or probable cause, for which Defendants are liable either directly or via their failure to intervene to prevent or stop the false arrest of Plaintiff. Thus, Plaintiff also suffered a false arrest and unlawful seizure in violation of his constitutional rights. As a result, Plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

19. To the extent Sgt. Helton or any other supervisors knew or had reason to know of Defendant Ulrich's assaultive conduct, as alleged above—or his propensity to engage in such conduct—Sgt. Helton and/or other supervisors failed to prevent the unconstitutional acts of Defendant Ulrich and failed to properly supervise him, thus rendering Sgt. Helton and/or others potentially liable directly and in his/their capacity as a supervisor.

20. As a proximate result of the foregoing wrongful acts, Plaintiff was injured in body and mind. Plaintiff incurred pain, suffering, injuries, and emotional distress, as described in ¶ 15 above. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

21. In committing the acts alleged above, Defendant Ulrich acted maliciously and/or was guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

(42 U.S.C. § 1983—CONSTITUTIONAL VIOLATIONS VIA UNLAWFUL POLICIES, CUSTOMS, HABITS, OR PROCEDURES; AGAINST CITY OF MODESTO ONLY)

22. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 21 above, as though fully set forth herein.

23. On information and belief, Plaintiff alleges that Defendant City of Modesto, through its police department, has unlawful policies, customs, habits, or procedures of improper and inadequate hiring, training, retention, supervision, and discipline of its police officers, including Defendant Ulrich, others, and Defendant Does 1-30, which proximately caused the constitutional violations, injuries, and damages alleged in the First Cause of Action. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C § 1983, in an amount to be proven at trial.

24. Plaintiff further alleges, on information and belief, that Defendant City of Modesto, through its police department, has an unlawful policy, custom, or habit of permitting or condoning the acts of excessive force, retaliatory force, unlawful seizure, and "hurt a man – charge a man," by its police officers, including the defendants named herein. Defendant Modesto has a further unlawful policy, custom, and habit of inadequate training, supervision, and disciplining of errant or rogue officers.

25. As a proximate result of the unlawful policies, customs, habits, and lack of proper training, supervision, and discipline alleged above, Plaintiff suffered the injuries described in ¶ 15 above and is, thus, entitled to general and compensatory damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

(Cal. Const., Art. I, § 13)

26. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above, as though fully set forth herein.

COMPLAINT FOR DAMAGES

-7-

27. The entry into Plaintiff's secure sleeping quarters and the use of unreasonable and/or excessive force by the officers against Plaintiff during the course of his arrest violated Plaintiff's rights under the California Constitution, Article I, § 13, thereby entitling Plaintiff to sue for damages directly under these provisions.

28. Under California Government Code § 815.2, Defendants Modesto and MPD and liable for the misconduct of its officers, committed within the course and scope of their employment.

## FOURTH CAUSE OF ACTION

(Cal. Civ. Code § 52.1 (b))

29. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 28 above, as though fully set forth herein.

30. The entry into Plaintiff's sleeping quarters and the use of unreasonable and/or excessive force against Plaintiff during the course of his arrest violated Plaintiff's state and federal rights through intimidation, threats and/or coercion, thereby entitling Plaintiff to sue for damages under California Civil Code § 52.1, subdivision (b).

31. The entry into Plaintiff's secure sleeping quarters and the use of unreasonable and/or excessive force by the officers against Plaintiff during the course of his arrest violated Plaintiff's rights under the California Constitution, Article I, § 13, thereby entitling Plaintiff to sue for damages directly under these provisions.

32. Under California Government Code § 815.2, Defendants Modesto and MPD and liable for the misconduct of its officers, committed within the course and scope of their employment.

//

//

COMPLAINT FOR DAMAGES

- 8 -

## FIFTH CAUSE OF ACTION

## (BATTERY)

33. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 32 above, as though fully set forth herein.

34. By the acts of unreasonable and excessive force and the violence visited upon Plaintiff, a battery was committed upon Plaintiff, entitling Plaintiff to damages pursuant to California law.

35. As a result of these acts, Plaintiff incurred the injuries and damages described in ¶ 15 above, entitling him to damages in an amount to be proven at trial.

36. In committing the acts alleged above, Defendant Ulrich acted maliciously, oppressively, and/or was guilty of a wanton and reckless disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

## (ASSAULT WITH A DEADLY WEAPON[1])

37. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 36 above, as though fully set forth herein.

38. By the acts of unreasonable and excessive force and the violence visited upon Plaintiff as a result of Defendant Ulrich commanding his trained K-9, Stryker, to attack Plaintiff, an assault with a deadly weapon occurred, thereby entitling Plaintiff to damages pursuant to California law.

39. As a result of these acts, Plaintiff incurred the injuries and damages described in ¶

---

[1] In *People v. Nealis* (1991) 232 Cal.App.3d Supp. 1, 5 [283 Cal. Rptr. 376] (*Nealis*), the court held that a "a dog trained to attack humans on command, or one without training that follows such a command, and which is of sufficient size and strength relative to its victim to inflict death or great bodily injury, may be considered a 'deadly weapon or instrument[.]'"

COMPLAINT FOR DAMAGES

15 above, entitling him to damages in an amount to be proven at trial.

40. In committing the acts alleged above, Defendant Ulrich acted maliciously, oppressively, and/or was guilty of a wanton and reckless disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### (ASSAULT)

41. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 40 above, as though fully set forth herein.

42. By the acts of unreasonable and excessive force and the violence visited upon Plaintiff as a result of Defendant Ulrich commanding his trained K-9, Stryker, to attack Plaintiff, an assault occurred because Plaintiff was placed several times in fear of an imminent, offensive or harmful touching by Stryker, thereby entitling Plaintiff to damages pursuant to California law.

43. As a result of these acts, Plaintiff incurred the injuries and damages described in ¶ 15 above, entitling him to damages in an amount to be proven at trial.

44. In committing the acts alleged above, Defendant Ulrich acted maliciously, oppressively, and/or was guilty of a wanton and reckless disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

### (FALSE ARREST)

45. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 44 above, as though fully set forth herein.

46. By the acts alleged herein, particularly the act of arresting Plaintiff without a

COMPLAINT FOR DAMAGES

- 10 -

warrant or probable cause, Plaintiff was falsely arrested, thereby entitling Plaintiff to damages pursuant to California law.

47. As a result of these acts, Plaintiff incurred the injuries and damages described in ¶ 15 above, entitling him to damages in an amount to be proven at trial.

48. In committing the acts alleged above, Defendant Ulrich acted maliciously, oppressively, and/or was guilty of a wanton and reckless disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

### NINTH CAUSE OF ACTION
(California Civil Code § 3342—LIABILITY FOR DAMAGES SUFFERED BY DOG BITE)

49. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 48 above, as though fully set forth herein.

50. Plaintiff was lawfully in the place where he was bitten by the dog owned by Defendants Modesto and/or MPD.

51. As a result of being bitten, Plaintiff incurred the injuries and damages described in ¶ 15 above, entitling him to damages in an amount to be proven at trial.

### TENTH CAUSE OF ACTION
(NEGLIGENCE)

52. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 51 above, as though fully set forth herein.

53. By the acts alleged above, Defendants Ulrich, Beavers, Helton, and other Modesto police officers involved in this incident were negligent and breached their duty of due care owed to Plaintiff.

54. As a result of such negligence, Plaintiff incurred the injuries and damages described in ¶ 15 above, entitling him to damages in an amount to be proven at trial.

COMPLAINT FOR DAMAGES

- 11 -

## JURY DEMAND

55. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general and compensatory damages in a sum of $150,000.00;
2. For special damages in a sum according to proof;
3. For exemplary and punitive damages against the individual Defendants only, in an amount to be proven at trial;
4. For attorney's fees and costs of suit herein incurred under Civil Code §§ 52 (b)(3) and 52.1 (h), and under California Code of Civil Procedure § 1021.5;
5. For attorney's fees and costs under 42 U.S.C. § 1988; and
6. For such other and further relief as the Court deems just and proper.

Dated: 9 January, 2011

ALONZO J. GRADFORD
Attorney for Plaintiff

# SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

RECEIVED
MODESTO CITY CLERK
11 MAR 17 PM 2:15

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Atty
Risk
MPD

FILED
11 JAN 11 PM 1:07
CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY CERINA LAKES
_____ DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF MODESTO; MODESTO POLICE DEPARTMENT;
MODESTO POLICE OFFICERS MARK ULRICH (#10170),
BRADLEY BEAVERS (#11196), BRIAN KLEIBER (#10355)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ARMANDO OLVERA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of Stanislaus.
801 10th Street, 4th Floor, Modesto, California

CASE NUMBER: *(Número del Caso):* 661410

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alonzo Gradford, 426 14th Street, Ste. 212, Modesto, California 95354; 209/604-4398

DATE: JAN 11 2011    Clerk, by CERINA LAKES    Deputy
*(Fecha)*              *(Secretario)*              *(Adjunto)*

RECEIVED MAR 17 CITY ATTORNEY'S OFFICE

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* Modesto Police Department
   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [✓] by personal delivery on *(date):* MAR 17 2011

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

**EXHIBIT B**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

NOTICE TO DEFENDANT (CONTINUED FROM PAGE 1 OF SUMMONS):

RANDY RADUECHEL (#11267), and SGT. TIM HELTON (#10295); DOES 1 THROUGH 30

```
 1  JAMES F. WILSON, Senior Deputy City Attorney, SB #107289
    SUSANA ALCALA WOOD, City Attorney, SB#156366
 2  City of Modesto
    1010 10th Street, Suite 6300
 3  P.O. Box 642
    Modesto, California 95353
 4
    Telephone: (209) 577-5284
 5  Facsimile: (209) 544-8260
```

FILED
11 MAR 30 PM 2:37
CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY KELLY MYERS
                    DEPUTY

Attorneys for Defendants City of Modesto,
Modesto Police Department, Mark Ulrich,
Bradley Beavers, Brian Kleiber, Randy
Raduechel and Tim Helton, municipal employees

SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS

| ARMANDO OLVERA, | No. 661410 |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER TO COMPLAINT** |
| CITY OF MODESTO, MODESTO POLICE DEPARTMENT, MODESTO POLICE OFFICERS Mark Ulrich (#10170), Bradley Beavers (#11196), Brian Kleiber (#103550, Randy Raduechel (#11267) and Sgt. Tim Helton (#10295), Does 1 through 30, | |
| Defendants. | |

COME NOW, Defendants City of Modesto, Mark Ulrich, Bradley Beavers, Brian Kleiber, Randy Raduechel and Tim Helton (hereinafter "Defendants") and, for themselves alone, and for no other defendant, respond to the plaintiffs' complaint on file herein as follows:

**GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure section 431.30, the defendants deny, generally and specifically, each and every allegation contained in the complaint. The defendants further deny that the plaintiffs, or either of them, has been damaged in any sum, or sums, or at all.

**AFFIRMATIVE DEFENSES**

As and for separate and distinct affirmative defenses, Defendants allege as follows:

///

**EXHIBIT C**

-1-

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs' complaint, and each cause of action contained therein, fails to state the facts sufficient to constitute a cause of action against the defendants, or any of them.

### SECOND AFFIRMATIVE DEFENSE

The claims for relief alleged in the complaint are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred for failure to comply with the claim filing requirements of the California Tort Claims Act.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovery from the defendants, or any of them, in whole or in part because their own negligence was the proximate cause or the injuries and damages claimed in the instant complaint.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovery from the defendants, or any of them, in whole or in part because the negligence of third parties was the proximate cause or the injuries and damages claimed in the instant complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs freely and voluntarily assumed the risk of injury and damage alleged in the complaint with full knowledge and appreciation of the magnitude thereof.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovery from the defendants, or any or them, to the extent that the acts or omissions alleged in the complaint fall within the immunities and defenses described in sections 800 through 995 of the California Government Code, including but not limited to, sections 815.2, 818.8, 820.2, 821.2, 822.2, 844, 844.6, and 845.8.

### EIGHTH AFFIRMATIVE DEFENSE

The individually named defendants were, at all times relevant to this action, and now are duly qualified, appointed, and acting police officers, employed by the City of Modesto, and peace officers of the State of California, who, at all times mentioned in the complaint, were engaged in the performance

of their regularly assigned duties as such.

### NINTH AFFIRMATIVE DEFENSE

The individually named defendants herein, at all times relevant to this action, acted in good faith, without malice, and within the scope of their duties as police officers of the City of Modesto, and peace officers of the State of California.

### TENTH AFFIRMATIVE DEFENSE

Any injury or damage suffered by plaintiffs or their decedent were caused solely by reason of the wrongful acts and conduct of plaintiffs' decedent and his willful resistance to peace officers in the discharge, and attempt to discharge, the duties of their office, and not by reason of any unlawful act or omission of the defendants, or any of them.

### ELEVENTH AFFIRMATIVE DEFENSE

The force, if any, which was used on the plaintiffs' decedent was reasonable and necessary under the circumstances, and any injury or damages allegedly suffered by the plaintiffs were due to and caused by acts and conduct by plaintiffs in resisting peace officers in the discharge, and attempt to discharge, the duties of their office, and not by reason of any unlawful act or omission of the defendants, or any of them.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that force was used in detaining plaintiffs, it was privileged as reasonable under the circumstances, and necessary to effect the detention, to prevent escape, or to overcome the resistance of plaintiffs' decedent.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that force was used in detaining plaintiffs, it was privileged as reasonable under the circumstances, and necessary in defense of the defendants herein, or of others.

### FOURTEENTH AFFIRMATIVE DEFENSE

A conspiracy cannot be generally alleged in an action brought under the Federal Civil Rights Act.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs knew, or reasonably should have known that they were being detained or arrested by peace officers, and thus had a duty to refrain from using force to resist such arrest or detention.

### SIXTEENTH AFFIRMATIVE DEFENSE

The defendants named in their individual capacities are immune from liability under Title 43 U.S.C. section 1983 because, at all times relevant to this action, they acted in good faith, and entertained an honest, reasonable belief that their actions were lawful.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, due to Plaintiff's failure to mitigate the damages alleged in the complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The defendant City of Modesto, and each named defendant in his/her official capacity are immune from punitive damages pursuant to Government Code section 818.

**WHEREFORE**, Defendants requests:

1. That the plaintiffs take nothing from the defendants, or any of them, and that judgment be awarded in favor of the defendants, and each of them;

2. That the defendants recover reasonable costs incurred in the defense of this action; and

3. For such other and further relief as the court may deem proper.

Date: 3/30/11

Respectfully submitted,

SUSANA ALCALA WOOD
City Attorney

By: _____
JAMES F. WILSON
Senior Deputy City Attorney

Attorneys for Defendants
City of Modesto, Modesto Police Department, Mark Ulrich, Bradley Beavers, Brian Kleiber, Randy Raduechel and Tim Helton, municipal employees

## PROOF OF SERVICE - CCP §1013(a)(3)

I am employed in the County of Stanislaus, California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is: 1010 10th Street, Suite 6300, P. O. Box 642, Modesto, California 95353.

On March 30, 2011, I served a copy of the **DEFENDANTS' ANSWER TO COMPLAINT** on all parties in said action by serving a true copy thereof as follows:

Alonzo Gradford, Esq.
LAW OFFICE OF ALONZO J. GRADFORD
426 14TH Street, Suite 212
Modesto, CA 95354

__X__ **BY MAIL:** I deposited the sealed envelope with the postage thereon fully prepaid to be placed in the United States Mail at Modesto, California. I am readily familiar with the office's practice for collection and processing of correspondence for mailing, and pursuant to those practices the envelope would be deposited with the United States Postal Service the same day.

____ **BY FEDERAL EXPRESS:** I caused the sealed envelope to be given to a Federal Express courier at Modesto, California. I am readily familiar with the office's practice for processing correspondence for transmittal by Federal Express. It is picked up by Federal Express courier on that same day in the ordinary course of business.

____ **BY PERSONAL SERVICE:** I hand-delivered the sealed envelope to the parties herein at the addresses set forth above.

____ **BY FACSIMILE:** I sent such document by way of facsimile to the offices of the addressee as set forth above. The telephone number of the sending facsimile machine was (209) 544-8260 and the telephone number of the receiving facsimile machine was _____.

Executed on March 30, 2011, at Modesto, California.

I declare under penalty of perjury that the foregoing is true and correct.

*Loraine Verduzco*
LORAINE J. VERDUZCO