SUSANA ALCALA WOOD, City Attorney #156366
JAMES F. WILSON, Senior Deputy City Attorney #107289
City of Modesto
P.O. Box 642
1010 Tenth Street, Suite 6300
Modesto, California 95353
Telephone: (209) 577-5284
Facsimile: (209) 544-8260

Attorneys for Defendants City of Modesto,
Modesto Police Department, Mark Ulrich,
Bradley Beavers, Brian Kleiber, Randy
Raduechel and Tim Helton, municipal employees

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| **ARMANDO OLVERA,** | No. 1:11-CV-00540-AWI-GSA |
| Plaintiff, | |
| vs. | |
| **CITY OF MODESTO, MODESTO POLICE DEPARTMENT, MODESTO POLICE OFFICERS MARK ULRICH (#10170), BRADLEY BEAVERS (#11196), BRIAN KLEIBER (#103550, RANDY RADUECHEL (#11267) AND SGT. TIM HELTON (#10295) 1 through 50, Inclusive,** | **STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION** |
| Defendants. | |

## STIPULATION

Plaintiff Armando Olvera and Defendants City of Modesto, Modesto Police Department, Mark Ulrich, Bradley Beavers, Brian Kleiber, Randy Raduechel and Tim Helton, by and through their undersigned counsel of record, and subject to the approval of the court, stipulate to the following Protective Order as set forth below:

1.  In connection with any discovery proceedings in this action, the parties may agree or the Court may direct that any document, thing, material, testimony or other information derived therefrom, be designated as "Confidential" under the terms of this Stipulated Protective Order ("Order"). Confidential information is information which has not been made public and is privileged and

1

STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION

1  confidential and protected from public disclosure under applicable law.

2      Each Party or Non-Party that designates information or items for protection under this Order
3  must take care to limit any such designation to specific material that qualifies under the appropriate
4  standards.  The Designating Party must designate for protection only those parts of material, documents,
5  items, or oral or written communications that qualify - so that other portions of the material, documents,
6  items, or communications for which protection is not warranted are not swept unjustifiably within the
7  ambit of this Order.

8      Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Designating
9  Party's attention that information or items that it designated for protection do not qualify for protection,
10 that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken
11 designation.

12     2.    Confidential documents shall be so designated by stamping copies of the document
13 produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on
14 the cover of any multi-page document shall designate all pages of the document as confidential, unless
15 otherwise indicated by the producing party.

16     3.    Material designated as confidential under this Order, the information contained therein,
17 and any summaries, copies, abstracts, or documents derived in whole or in part from material designated
18 as confidential ("confidential material") shall be used only for the purpose of the prosecution, defense,
19 or settlement of this action and for no other purpose.

20     4.    Confidential material produced pursuant to this Order may be disclosed or made available
21 only to the court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed
22 by such counsel) and to the "qualified persons" designated below:

23     a.    Experts or consultants (together with their clerical staff) retained by such counsel
24     to assist in the prosecution, defense or settlement of this action;
25     b.    Court reporters employed in this action; and
26     c.    A witness at any deposition or proceedings in this action.
27     d.    Any other person as to whom the parties in writing agree.
28     Prior to receiving any confidential material, each "qualified person" shall be provided

**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION**

with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which shall be maintained by the counsel who is providing the materials.

5. The portion of any deposition in which confidential materials are discussed shall be taken only in the presence of qualified persons, as defined above.

6. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate.

7. Receipt by any party of any confidential information does not constitute, nor is it to be construed to be, a waiver of any privilege or evidentiary objection, State or Federal.

8. If confidential material, including any portion of a deposition transcript designated as confidential is included in any papers to be filed in court, such papers shall be labeled "CONFIDENTIAL-SUBJECT TO COURT ORDER" and filed under seal until further order of this court. Each envelope containing confidential material shall be endorsed with the title and case number of this action, and indication of the nature of said sealed envelope, a legend "CONFIDENTIAL-DESIGNATED BY COUNSEL," and a statement substantially in the following form: "This envelope containing documents which are filed in this case is not to be opened, nor the contents thereof to be displayed or revealed except by order of the court." Except, however, that any papers served on counsel for the parties need not include separate sealed envelopes for confidential materials.

9. This Order shall be without prejudice to the right of the parties 1) to bring before the court at any time the question of whether any particular document or information is confidential or whether its use shall be restricted; or 2) to present a motion to the court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions different from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

10. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver of objections or privileges by either party or of altering the confidentiality or non-

confidentiality of any such document or information or altering any existing right or obligation of any party or the absence thereof.

11.   This Order shall survive the final termination of this action, to the extent that the information contained in confidential material is not or does not become known to the public and the court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Within ninety (90) days of the dismissal or entry of final judgment in this action, whichever occurs first, each party shall return to the producing party all confidential materials and any and all copies thereof.

**IT IS SO STIPULATED.**

Dated: August 31, 2011                           Respectfully submitted,

                                                 LAW OFFICES OF ALONZO J. GRADFORD

                                                 By: _____/S/_____
                                                     SANJAY S. SCHMIDT
                                                     Attorneys for Plaintiff

Dated: August 31, 2011                           Respectfully submitted,

                                                 SUSANA ALCALA WOOD
                                                 City Attorney


                                                 By: _____/S/_____
                                                     JAMES F. WILSON
                                                     Senior Deputy City Attorney
                                                     Attorneys for Defendants

**ORDER**

Upon a review of the parties agreement, the Court adopts the stipulation of the parties.  However, any documents that are filed under seal must comply with Local Rule  141.

**IT IS SO ORDERED.**

Dated: September 1, 2011.

                                                 **/s/ Gary S. Austin**
                                                 **United States Magistrate Judge**

**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION**

**ATTACHMENT A**

**<u>NON-DISCLOSURE AGREEMENT</u>**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Armando Olvera v. City of Modesto, et al.,* United States District Court for the Eastern District of California, Civil Action No. 1:11-CV-00540-AWI-GSA, and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____        _____

**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION**