1  SUSANA ALCALA WOOD, City Attorney #156366
   JAMES F. WILSON, Senior Deputy City Attorney #107289
2  City of Modesto
   P.O. Box 642
3  1010 Tenth Street, Suite 6300
   Modesto, California 95353
4  Telephone: (209) 577-5284
   Facsimile: (209) 544-8260
5
   Attorneys for Defendants City of Modesto,
6  Modesto Police Department, Mark Ulrich,
   Bradley Beavers, Brian Kleiber, Randy
7  Raduechel and Tim Helton, municipal employees

8                    UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA - FRESNO

10 **ARMANDO OLVERA,**                    )   **No.** 1:11-CV-00540-AWI-GSA
                                          )
11              Plaintiff,                )
                                          )
12       vs.                              )
                                          )
13 **CITY OF MODESTO, MODESTO**           )
   **POLICE DEPARTMENT, MODESTO**         )   **STIPULATION AND ORDER TO PROTECT**
14 **POLICE OFFICERS MARK ULRICH**        )   **CONFIDENTIAL INFORMATION**
   **(#10170), BRADLEY BEAVERS (#11196),**)
15 **BRIAN KLEIBER (#103550, RANDY**      )
   **RADUECHEL (#11267) AND SGT. TIM**    )
16 **HELTON (#10295) 1 through 50, Inclusive,** )
                                          )
17              Defendants.               )
                                          )
18 _____     )

19

20                        **STIPULATION**

21       Plaintiff Armando Olvera and Defendants City of Modesto, Modesto Police Department, Mark

22 Ulrich, Bradley Beavers, Brian Kleiber, Randy Raduechel and Tim Helton, by and through their

23 undersigned counsel of record, and subject to the approval of the court, stipulate to the following

24 Protective Order as set forth below:

25       1.     In connection with any discovery proceedings in this action, the parties may agree or the

26 Court may direct that any document, thing, material, testimony or other information derived therefrom,

27 be designated as "Confidential" under the terms of this Stipulated Protective Order ("Order").

28 Confidential information is information which has not been made public and is privileged and

                                1

**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION**

confidential and protected from public disclosure under applicable law.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or documents derived in whole or in part from material designated as confidential ("confidential material") shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

4. Confidential material produced pursuant to this Order may be disclosed or made available only to the court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel) and to the "qualified persons" designated below:

    a.    Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

    b.    Court reporters employed in this action; and

    c.    A witness at any deposition or proceedings in this action.

    d.    Any other person as to whom the parties in writing agree.

Prior to receiving any confidential material, each "qualified person" shall be provided

**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION**

1   with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a

2   copy of which shall be maintained by the counsel who is providing the materials.

3        5.    The portion of any deposition in which confidential materials are discussed shall be taken

4   only in the presence of qualified persons, as defined above.

5        6.    Nothing herein shall impose any restrictions on the use or disclosure by a party of

6   material obtained by such party independent of discovery in this action, whether or not such material is

7   also obtained through discovery in this action, or from disclosing its own confidential material as it

8   deems appropriate.

9        7.    Receipt by any party of any confidential information does not constitute, nor is it to be

10   construed to be, a waiver of any privilege or evidentiary objection, State or Federal.

11        8.    If confidential material, including any portion of a deposition transcript designated as

12   confidential is included in any papers to be filed in court, such papers shall be labeled

13   "CONFIDENTIAL-SUBJECT TO COURT ORDER" and filed under seal until further order of this

14   court. Each envelope containing confidential material shall be endorsed with the title and case number

15   of this action, and indication of the nature of said sealed envelope, a legend "CONFIDENTIAL-

16   DESIGNATED BY COUNSEL," and a statement substantially in the following form: "This envelope

17   containing documents which are filed in this case is not to be opened, nor the contents thereof to be

18   displayed or revealed except by order of the court." Except, however, that any papers served on counsel

19   for the parties need not include separate sealed envelopes for confidential materials.

20        9.    This Order shall be without prejudice to the right of the parties 1) to bring before the court

21   at any time the question of whether any particular document or information is confidential or whether

22   its use shall be restricted; or 2) to present a motion to the court under Federal Rule of Civil Procedure

23   26(c) for a separate protective order as to any particular document or information, including restrictions

24   different from those as specified herein.  This Order shall not be deemed to prejudice the parties in any

25   way in any future application for modification of this Order.

26        10.    Nothing in this Order nor the production of any information or document under the terms

27   of this Order nor any proceedings pursuant to this Order, shall be deemed to have the effect of an

28   admission or waiver of objections or privileges by either party or of altering the confidentiality or non-

**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION**

1  confidentiality of any such document or information or altering any existing right or obligation of any

2  party or the absence thereof.

3      11.    This Order shall survive the final termination of this action, to the extent that the

4  information contained in confidential material is not or does not become known to the public and the

5  court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed

6  hereunder.  Within ninety (90) days of the dismissal or entry of final judgment in this action, whichever

7  occurs first, each party shall return to the producing party all confidential materials and any and all

8  copies thereof.

9          **IT IS SO STIPULATED.**

10 Dated: August 31, 2011                     Respectfully submitted,

11                                            LAW OFFICES OF ALONZO J. GRADFORD

12                                            By:  _____/S/_____
                                                   SANJAY S. SCHMIDT
13                                                 Attorneys for Plaintiff

14 Dated: August 31, 2011                     Respectfully submitted,

15                                            SUSANA ALCALA WOOD
                                              City Attorney
16

17                                            By:  _____/S/_____
                                                   JAMES F. WILSON
18                                                 Senior Deputy City Attorney
                                                   Attorneys for Defendants
19

20                                   **<u>ORDER</u>**

21         Upon a review of the parties agreement, the Court adopts the stipulation of the parties.  However,

22 any documents that are filed under seal must comply with Local Rule  141.

23

24 **IT IS SO ORDERED.**

25 Dated: September 1, 2011.

26                                            **/s/ Gary S. Austin**
                                              **United States Magistrate Judge**
27

28

**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION**

**ATTACHMENT A**

**<u>NON-DISCLOSURE AGREEMENT</u>**

     I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Armando Olvera v. City of Modesto, et al.,* United States District Court for the Eastern District of California, Civil Action No. 1:11-CV-00540-AWI-GSA, and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____          _____

5

**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION**