1
2
3
4

5          **UNITED STATES DISTRICT COURT**

6          **EASTERN DISTRICT OF CALIFORNIA**

7

8                                                    **CASE NO. 1:11-CV-00540-AWI-GSA**

9    ARMANDO OLVERA ,                               **ORDER GRANTING PLAINTIFF'S**
                                                     **MOTION FOR REINSTATEMENT OF**
10                  **Plaintiff**                        **CIVIL CODE SECTION 52.1 CLAIM.**

11          **v.**

12

13   CITY OF MODESTO, a municipal
     corporation, and MARK ULRICH,
14

15                  **Defendants**

16                          **I. BACKGROUND**

17          On January 11, 2011, Plaintiff Armando Olvera ("Plaintiff"), filed a complaint in state

18   court against seven named defendants; Modesto Police Department officers Bradley Beavers,

19   Brian Keiber, Randy Raduechel, Sgt. Timothy Helton, the Modesto Police Department, the City of

20   Modesto and Mark Ulrich. Plaintiff brought ten claims; two claims under Title 42 U.S.C. section

21   1983 for constitutional violations; a claim under Article 1, section 13 of the California

22   Constitution; a claim under section 52.1 of the California Civil Code; claims for battery, assault

23   with a deadly weapon, assault, and false arrest; and a claim under California Civil Code Section

24   3342 for liability for dog bite damages; and a claim for negligence. On March 31, 2011, the case

25   was removed to the Eastern District of California, Fresno Division. Discovery ensued.

26          On January 25, 2013, Plaintiff's claims against defendants Bradley Beavers, Brian Keiber,

27   Randy Raduechel and Sgt. Timothy Helton were dismissed by stipulation ("the Stipulation").

28

1   Plaintiff's cause of action under Title 42 U.S.C. section 1983 against City of Modesto was

2   dismissed, as was Plaintiff's sixth cause of action for "assault by means of force likely to produce

3   great bodily injury." Plaintiff's cause of action under California Civil Code section § 52.1 was also

4   dismissed but without prejudice "to its renewal and further litigation in this action if the current

5   case law requiring an act or threat of violence separate from the constitutional violation claimed is

6   changed so as to remove that requirement prior to the completion of the trial in this action." Doc.

7   22 at 2.

8        On March 8, 2013, Defendants filed a motion for summary judgment. This court issued an

9   order on August 6, 2014, granting summary judgment in favor of the Defendants on the Title 42

10   U.S.C. section 1983 claim based on the Fourteenth Amendment and on the Fourth Amendment

11   prohibition of unreasonable searches, as well as Plaintiff's Cal. Civ. Code section 3342 claim but

12   denied summary judgment on all other remaining claims. Doc. 52 at 27. On July 9, 2014, Plaintiff

13   brought this motion to reinstate his cause of action under California Civil Code section § 52.1

14   pursuant to the Stipulation.

**II. LEGAL STANDARD**

16        This court has held that "It is boilerplate law that oral agreements and stipulations made in

17   the presence of the court are enforceable, especially when acted upon." *Hamilton v. Willms*, 2007

18   WL 707518, at *10 (E.D. Cal. Mar. 6, 2007) (emphasis removed); *See also Kohring v. Robertson*,

19   137 Idaho 94, 44 P.3d 1149 (2002). The Ninth Circuit has recognized that stipulations serve both

20   judicial economy and the convenience of the parties, thus should be enforced unless there are

21   indications of involuntary or uninformed consent. *See CDN Inc. v. Kapes*, 197 F.3d 1256, 1258

22   (9th Cir. 1999); *See also United States v. McGregor*, 529 F.2d 928, 931 (9th Cir. 1976).

**III. DISCUSSION**

24   <u>1. Procedure</u>

25        The parties to this action stipulated, and this court signed into order on January 25, 2013,

26   that the Plaintiff's cause of action for California Civil Code § 52.1 ("the Bane Act") is to be

27   dismissed without prejudice "to its renewal and further litigation in this action if the current case

28   law requiring an act or threat of violence separate from the constitutional violation claimed is

1   changed so as to remove that requirement prior to the completion of the trial in this action." Doc.

2   22 at 4. Defendants assert that the Plaintiff is seeking to amend his complaint pursuant to Federal

3   Rule of Civil Procedure 15. Defendants argue that allowing the amendment would cause them

4   undue prejudice due to the time and costs already incurred from defending the action. Doc. 54 at 3.

5   Defendant's argument is irrelevant in light of their stipulation to allow the claim to be reinstated[1].

6   Plaintiff is not seeking to amend his claim pursuant to Federal Rule of Civil Procedure 15, but

7   rather is seeking to reinstate the claim pursuant to the Stipulation.  No evidence has been offered,

8   nor have the Defendant's asserted, that the Stipulation was not entered into voluntarily or that

9   there was a lack of informed consent. The Stipulation therefore controls the reinstatement of the

10  claim, not Federal Rule of Civil Procedure 15. Thus, in enforcing the stipulation this court must

11  determine whether the law regarding Plaintiff's claim under the Bane Act has so changed in order

12  to allow the claim to be reinstated.

13  2. Merits

14          California Civil Code § 52.1 allows a private civil cause of action "if a person or persons,

15  whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts

16  to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual

17  or individuals of rights secured by the Constitution or laws of the United States, or of the rights

18  secured by the Constitution or laws of this state."

19          Prior to the stipulation, the court in *Shoyoye v County of Los Angeles* (2012) Cal.App.4th

20  947 (Shoyoye) held that "where coercion is inherent in the constitutional violation alleged . . . the

21  statutory requirement of 'threats, intimidation, or coercion' is not met. The statute requires a

22  showing of coercion independent from the coercion inherent in the wrongful detention itself."

23  *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 959, 137 Cal. Rptr. 3d 839, 849 (2012).

24  In *Shoyoye,* the plaintiff was wrongfully detained in county jail. His initial detention was justified,

25  but due to a clerical error, the country overdetained him for 16 days. When the mistake was

26  discovered and the plaintiff was released he brought a cause of action pursuant to the Bane Act.

27  The court concluded "not every wrongful detention is a violation of [the Bane Act]," and the

28  _____
[1] Defendants may file a motion to reopen discovery.

1  evidence did not establish the "threats, intimidation, or coercion" necessary for a Bane Act

2  violation. *Id.* at 959. The court also said there is no Bane Act violation "where the overdetention

3  occurs because of mere negligence rather than a volitional act intended to interfere with the

4  exercise or enjoyment of the constitutional right." *Id.* at 960.

5          Since *Shoyoye*, and subsequent to the stipulation, courts have not interpreted *Shoyoye* so

6  broadly as to foreclose all claims where the coercion is inherent in the constitutional violation

7  alleged. Most have distinguished *Shoyoye* on the basis that conduct which is intentional or

8  egregious does not implicate *Shoyoye* at all. *See, e.g., Jones v. Penhollow*, 2014 WL 347033, at

9  *11 (Cal. Ct. App. Jan. 31, 2014). In *Jones*, a state appellate court distinguished *Shoyoye* in a case

10 where officers attacked a prisoner in his cell. The court held that the conduct "went beyond the

11 *unintentional or incidental* coercion in *Shoyoye,* and it is not necessarily conduct inherent in all

12 violations of the right to protection from restraint or harm." *Id.* (emphasis added). The court went

13 on to say "*Shoyoye* does not compel us to conclude that when, as here, 'deliberate or spiteful'

14 force accomplishes a knowing violation of the right to protection from bodily harm, the Bane Act

15 requires an additional showing of conduct violating some other separate right." *Id.*

16         Several federal cases have reached the same or a similar conclusion in interpreting

17 *Shoyoye's* effect on actions under the Bane Act. Courts in the Northern District have held on a

18 number of occasions that the relevant distinction is not whether there was an act or threat separate

19 from the constitutional violation claimed but whether the conduct giving rise to the claim was

20 intentional. *See Holland v. City of San Francisco*, 2013 WL 968295, at *10 (N.D. Cal. Mar. 12,

21 2013) (holding that the harms alleged were brought about by intentional conduct, in contrast to the

22 negligent overdetention in *Shoyoye* and therefore may reasonably [be] perceived as threatening,

23 intimidating, or coercive); *M.H. v. Cnty. of Alameda,* 2013 WL 1701591, at *7 (N.D. Cal. Apr. 18,

24 2013) (holding that the relevant distinction for purposes of the Bane Act is between intentional

25 and unintentional conduct, and ... *Shoyoye* applies only when the conduct is unintentional). The

26 Northern District does not stand alone in this interpretation. In the Eastern District this

27 interpretation of *Shoyoye* has been adopted as well. *See Dillman v. Tuolumne Cnty.*, 2013 WL

28 1907379, at *21 (E.D. Cal. May 7, 2013) (holding that where Fourth Amendment unreasonable

1  seizure or excessive force claims are raised and intentional conduct is at issue, there is no need for

2  a plaintiff to allege a showing of coercion independent from the coercion inherent in the seizure or

3  use of force).

4        This court will not now decide the exact implications of *Shoyoye* to Plaintiff's case. For the

5  purposes of deciding this motion, it is enough to say that the subsequent case law has not

6  interpreted *Shoyoye* as requiring a claim under the Bane Act to allege an act or threat of violence

7  separate from the constitutional violation claimed. Since the parties to this action stipulated to

8  allow reinstatement of this claim if subsequent case law changed the then-existing uncertain status

9  of the law, the claim should be reinstated. Accordingly, Plaintiff's motion to reinstate his claim

10  under California Civil Code § 52.1 must be granted.

11  **IV. ORDER**

12        The Plaintiff's motion for reinstatement of California Civil Code Section 52.1 claim is

13  hereby GRANTED.

14

15  IT IS SO ORDERED.

16  Dated:   February 12, 2015                                     

17            SENIOR  DISTRICT  JUDGE